Shaw, C. J.
This bill is brought by John Murphy, assignee *576 of Peter Murphy, for the specific performance of a contract. The facts appearing from the report of the judge, before whom the case was heard, are, that Marland made a covenant to convey a lot of land to Peter Murphy, ordinarily called a bond for a deed, at a certain time, on payment of a certain sum. Peter Murphy built a small house on the lot, and made some payments. In the mean time, having contracted some debts, and because, if he took a deed to himself, the estate would be fiable to be attached and levied on, and to avoid that consequence, he assigned Marland’s obligation to his son John Murphy, the plaintiff, who paid him something, but not a full and adequate consideration. John Murphy tendered to the defendant the balance due, and demanded a conveyance, which the defendant refused to make.
In the mean time some of the creditors of Peter Murphy attached the building erected by him on Marland’s land, and caused it to be sold as personal property, and the defendant, on the application of them or some other creditors of Peter Murphy, made a conveyance of the land to them, taking an indemnity. The bill is brought against Marland for a specific performance, and against those who took a conveyance of the premises from Marland, with full knowledge of the facts, which is admitted or proved. The question is, whether the plaintiff is entitled to the specific performance sought by the bill.
We suppose it clear, and indeed it is not contested in the present suit, that the assignee of such a contract, although it is a chose in action, after a demand of performance and refusal on the part of the obligor, may in equity maintain a suit in his own name for specific performance. Ensign v. Kellogg, 4 Pick. 1. The only defence, therefore, that the respondent can make is, that he has a right to withhold it from the assignee, for the benefit of the creditors of Peter, or some of them, and that he has in fact conveyed it to some of them. On this he relies as a performance.
The defence assumes, that the assignment of this chose in action from Peter Murphy to his son, the design both of assignor and assignee being, indirectly, to defeat creditors, was fraudulent and void; and as every plaintiff must prevail on *577 the strength of his own title, if that of the plaintiff is void, he cannot have this remedy, whether the defendant is justifiable in his course or not. But the construction, which has uniformly been put on the statutes, declaring such conveyances fraudulent and void, is, that they are voidable only, that they are not fraudulent per se, but only as against creditors, that they are good as between the parties, and can only be avoided by a creditor, or by an assignee or other party acting in behalf of a creditor. This principle is too clear to require many authorities ; we cite only one of the most recent. Oriental Bank v. Haskins, 3 Met. 332. In the case of Ensign v. Kellogg, already cited, it is held that the obligor in such a bond could not object, that the assignment by the obligee to the assignee was voluntary and without consideration; although being so it would be void as against creditors, if creditors could avail themselves of it.
Then the question occurs whether the defence can be sustained in behalf of creditors. Ordinarily, where a conveyance is alleged to be fraudulent and void as against creditors, attaching or taking property on execution, proving the fraudulent intent by the parties to defeat creditors, will enable the creditor to recover. But the reason is, because the fraud is usually charged upon some conveyance or alienation of real or personal property, in which the debtor had an interest, capable in some form of being taken, levied upon, sold or otherwise directly reached by process of law, for the payment and satisfaction of the creditors’ claims. But when the thing transferred is such that by no process of law, trustee attachment or otherwise, it could be reached by a creditor, the conveyance is not made void by the statute, and no creditor can interfere, or authorize the avoidance of it.
In the present case, the chose in action, which was the subject of conveyance from Murphy, senior, to his son, had no such conveyance been made, could not have been reached by process of law. The equitable interest in the land, stipulated to be conveyed, as the debtor had no legal interest, and no equity of redemption, or such other equitable interest as is made attachable by statute, could not be levied on. Howe v. *578 Bishop, 3 Met. 26. The conveyance did not create a debt, due from Marland to Peter Murphy, which would render him liable to the trustee process.
Nor had Peter Murphy any interest in the building, which • could be attached as personal.property. That right of personal property in a building can only exist, when a building is erected on the land of another, with his consent, and under an express or implied agreement that the builder may remove it. It was so held in the case cited by the defendant, in which it was also held, that independently of contract with the builder, it was a fixture, and would pass with the land. Ashrmm v. Williams, 8 Pick. 402. This is confirmed by a recent case, which appears to be directly in point. Milton v. Colby, 5 Met. 78.
In the present case, there was no agreement or consent of the owner of the soil, that the building might in any case be removed; and the builder was to be secured in his rights, not by leave to remove the building, but by the power of acquiring the land on which it stands. It is not for the defendant to decide, at his discretion, between the respective claims of the assignee and the creditors of the person with whom he has contracted. He is bound to perform his obligation according to law; and the establishment of the rightful claims of the one, and a performance accordingly, will exempt him from the claims of the other.
It is said that giving effect to the plaintiffs claim in this case, will be to give the sanction of the law to a title, obtained by a fraudulent and void conveyance. But it is only when a conveyance is made to defeat creditors, by a transfer of property, which, but for such conveyance, could have been reached by legal process to satisfy such debts, in favor of such creditors, that the law holds the conveyance fraudulent; when it can have no such effect, the law does not hold it fraudulent, but valid.
It was suggested, on the part of the defendant, that if the creditors of Peter Murphy can make no claim to the property, through him, they are without remedy. To this it is answered, on the other side, that they might have proceeded *579 against their debtor under the insolvent law, and that the assignee would become vested with all the rights of the debtor, legal as well as equitable, including valuable choses in action, for the benefit of all the creditors. This certainly was plausible, and we do not at present perceive why, if this course had been seasonably adopted, it would not have been effectual; but of this it is not necessary to express an opinion, no such course having been pursued.
On the whole, the court are of opinion that the plaintiff is entitled to the specific performance sought for in his bill, a,gainst Marland, and against the other defendants, who took a conveyance from him, with full notice of the plaintiff’s claim. Decree accordingly.